UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT LEE BAILEY, | Civil No. 12-1377 (DWF/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| SCOTT P. FISHER, (Warden), | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.     BACKGROUND**

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

In 2004, a federal court jury here in the District of Minnesota found Petitioner guilty of two counts of interstate transportation of a person to engage in prostitution, and one count of possessing a firearm while a felon.  United States v. Bailey, Crim. No. 03-370 (ADM/AJB).  Petitioner originally received a 100-month sentence for one of his two prostitution convictions, and a 100-month sentence for his firearm conviction, to be served concurrently.  He also received a 40-month sentence for the second prostitution conviction, to be served consecutively to the 100-month sentence.  Thus, the trial court imposed an aggregate sentence of 140 months in federal prison.  (Id., [Docket No. 85].)  Petitioner is presently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal.  The Eighth Circuit Court of Appeals affirmed Petitioner's conviction, but remanded the case for re-sentencing.  United States v. Bailey, 142 Fed.Appx. 947 (8th Cir. 2005) (unpublished opinion), ["Bailey I"].  Petitioner's new sentence (following the remand) was structured slightly differently from the original sentence.  Instead of receiving concurrent 100-month sentences, and a consecutive 40-month sentence, Petitioner received concurrent 120-month sentences, and a consecutive 20-month sentence.  Thus, Petitioner's aggregate sentence remained 140 months, but it was structured as 120 + 20, instead of 100 + 40.  The new 140-month sentence was upheld by the Eighth Circuit in United States v. Bailey, 206 Fed.Appx. 650 (8th Cir. 2006) (unpublished opinion), cert. denied, 550 U.S. 978 (2007), ["Bailey II"].  Petitioner later attempted to challenge his sentence once again by filing a post-conviction motion under 28 U.S.C. § 2255, but that motion was denied.  United States v. Bailey, Crim. No. 03-370 (ADM/AJB) (Order dated January 22,

CASE 0:12-cv-01377-DWF-LIB Document 4 Filed 06/15/12 Page 3 of 10

2008, reported at 2008 WL 190378).

On June 8, 2012, Petitioner filed his present application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The current petition presents a single ground for relief, which pertains to the legality of Petitioner's sentence. Petitioner claims that his 20-month sentence for his second prostitution conviction violates the double jeopardy clause of the Constitution, because he was wrongly convicted and sentenced for two separate prostitution offenses that involved a single incident. According to Petitioner, he "engaged in transporting two women, on a single trip, from Minnesota to Iowa for the purposes of prostitution," and thus he could not be convicted and sentenced for two separate offenses. (Petition, [Docket No. 1], p. 3, § 9.) By Petitioner's calculations, he has already served his 120-month sentence, and if his additional 20-month sentence is unenforceable by reason of the double jeopardy clause (as he contends) then he is entitled to immediate release from custody. However, the Court finds that Petitioner's current habeas corpus petition must be summarily dismissed for lack of jurisdiction.

**II.  DISCUSSION**

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). See also Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) ("[a] federal inmate generally must challenge a conviction or sentence through a § 2255 motion"). Section 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255],

shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).

No court has jurisdiction to hear a collateral challenge to a conviction or sentence under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. See also Lopez-Lopez, 590 F.3d at 907 ("[t]he savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or a sentence"). If a prisoner seeks to invoke the savings clause, he "bears the burden of showing that the [§ 2255] remedy is inadequate or ineffective." Id.[2]

---

[2] In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the prisoner's claims

4

---

could possibly then be addressed on the merits by the trial court.  However, Petitioner is precluded from seeking relief under § 2255, because he has already done so once before.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the apposite Circuit Court of Appeals.  28 U.S.C. §§ 2244(b)(3) and 2255(h).  Petitioner apparently does not have a preauthorization order from the Eighth Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion.  Furthermore, it clearly appears that any new application for relief under § 2255 would be time-barred by the one-year statute of limitations applicable to § 2255 motions.  28 U.S.C. § 2255(f).  For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion.

In this case, Petitioner is trying to circumvent the § 2255 exclusive remedy rule by arguing that he is not really challenging his sentence <u>per se</u>, but rather, he is challenging the manner in which the federal Bureau of Prisons, ("BOP"), is enforcing his sentence. According to Petitioner, he is not challenging the sentence that allegedly "was imposed in violation of the Constitution," but rather, he is challenging the fact that he is being kept in prison beyond his proper release date "in violation of the Constitution." (Petition, p. 5, § 12.) This argument is an attempt to make a distinction by semantics, and it is without merit.

Regardless of how Petitioner might try to describe or characterize his claim, he is plainly challenging the constitutionality of the consecutive 20-month sentence that was imposed by the trial court judge for his second prostitution conviction. The BOP cannot be faulted for requiring Petitioner to complete the full 140-month sentence imposed by the trial court, unless the sentence itself is first invalidated. While Petitioner purports to be challenging the BOP's execution of his sentence, it is readily apparent that he is really challenging the constitutionality of the additional 20-month sentence itself. Simply put, Petitioner is not claiming that the BOP has committed an error; he is claiming that the trial court judge committed an error in violation of the double jeopardy clause of the Constitution.

Because Petitioner is actually challenging the validity of the judgment entered by the trial court, his current § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here. However, Petitioner has made no effort to show that the savings clause could properly be applied in this case, and it is readily apparent that, in fact, the savings clause is <u>not</u> applicable here.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.

Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claim for relief in his original appeal in Bailey I. Petitioner's original sentence included a separate 40-month prison term for his second prostitution conviction, which was to be served consecutively to a 100-month prison term for the first prostitution conviction. Therefore, Petitioner's current double jeopardy argument could have been raised in Bailey I. When Petitioner was resentenced after his initial appeal, the lengths of his consecutive sentences were modified, (changing from 100 + 40 to 120 + 20), but the structure of the sentence remained the same – i.e., he received a separate prison term for the second prostitution conviction, which was still to be served consecutively to the prison term for the first prostitution conviction (and the firearm conviction).

When Petitioner filed his second appeal, after being resentenced, he claimed – for the first time – that his consecutive sentence for his second prostitution conviction violated the double jeopardy clause. In other words, Petitioner raised essentially the same claim in Bailey II that he is now trying to raise (six years later) in his current § 2241 habeas

corpus petition. The Eighth Circuit Court of Appeals found that Petitioner's double jeopardy claim was fully knowable, and should have been raised, at the time of his initial appeal in Bailey I. Therefore, the Court of Appeals held that Petitioner's double jeopardy claim could not be upheld in his new appeal unless he established "plain error."

The Eighth Circuit found that Petitioner's double jeopardy argument in Bailey II did not satisfy the "plain error" requirement, because he could not show that he was prejudiced by the judgment entered by the trial court. The Court of Appeals reasoned that there was no prejudice, because the trial court judge could have imposed an aggregate prison term of 140 months, even without the second prostitution conviction, by sentencing Petitioner to 120 months for his firearm conviction, plus 20 months (to be served consecutively) for a single prostitution conviction. Bailey II, 206 Fed.Appx. at 652-53. Thus, Petitioner's current double jeopardy argument was considered in Bailey II, but the 140-month sentence imposed by the trial court was upheld.

Petitioner has cited no new law, and he has presented no new evidence, that was unavailable to him when his case was before the Court of Appeals in Bailey I and Bailey II. Because he had an adequate opportunity to raise his double jeopardy claim once before, he cannot attempt to raise that claim again in his current § 2241 habeas corpus petition. As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the § 2255 savings clause is not applicable for Petitioner's current double jeopardy claim, because he has not shown that his claim could not have been raised before now. Because Petitioner in fact had an adequate procedural opportunity to previously (and did) raise his double jeopardy claim in the past, he is barred from bringing that claim in a § 2241 habeas corpus petition now. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

### III. CONCLUSION

Petitioner's § 2241 habeas corpus petition challenges the validity of his 2004 federal criminal conviction and sentence in United States v. Bailey, Crim. No. 03-370 (ADM/AJB). Therefore, the claim that Petitioner is now attempting to raise in his petition cannot be adjudicated on the merits in a § 2241 habeas corpus proceeding, unless the § 2255 savings clause is applicable. The savings clause is not applicable here, because Petitioner's current double jeopardy claim could have been raised, (and in fact was raised and denied), in previous proceedings in the Eighth Circuit Court of Appeals. Because the savings clause is not now applicable, this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner failed to show that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 (same).

Finally, the Court notes that Petitioner has filed a motion seeking to have the trial court judge in his original federal criminal case, (District Court Judge Ann D.

9

Montgomery), "recused" from hearing the present case. However, the present § 2241 habeas corpus case has not been assigned to the judge who presided over his original criminal trial. The Court will therefore recommend that Petitioner's "motion to recuse" be denied as moot.

## III.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

2. Petitioner's "Motion for Recusal," (Docket No. 2), be DENIED AS MOOT; and

3. This action be summarily DISMISSED for lack of jurisdiction.

Dated: June 15, 2012

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by June 29, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.